UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,            Sixth Circuit Case No. 22-1436

IDRIS QUINTELL WILKES,

    Defendant-Appellant.

_____/

## MOTION TO HOLD APPEAL IN ABEYANCE

Idris Quintell Wilkes, Defendant-Appellant, moves the Court to hold his appeal in abeyance for the following reasons:

1. This case was argued to the Court on January 12, 2023.

2. On March 24, 2023, the government filed a motion in the case of *Eugene Jackson v. United States*, Supreme Court No. 22-6640, asking that the Court grant Mr. Jackson's petition for certiorari in order to resolve a 4-1 circuit split.

3. The question presented in *Jackson* is "Whether the classification of a prior state conviction as a "serious drug offense" under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. 924(e)(2)(A)(ii), depends on the federal controlled-substance schedules in effect at the time of the defendant's prior state crime, the time of the federal offense for which he is being sentenced, or the time of his federal sentencing."

*Jackson* involves the effect of removing [123I] ioflupane from the federal cocaine controlled-substance schedules in 2015. Florida did not exclude [123I]

ioflupane before 2015, so the timing rule that applies will affect if Florida cocaine convictions count as serious drug offenses under the ACCA. Wilkes's appeal presents the same question, since Michigan, like Florida, did not exclude [123I] ioflupane before 2015.

4. This Court has not decided what timing rule it will follow in ACCA cases, but has decided that the time of prior state conviction applies in career offender guidelines cases. *United States v. Clark*, 46 F.4th 404, 408 (6th Cir. 2022).

5. In *Jackson*, the petitioner argues for a time of federal offense or time of sentencing for the federal offense rule, while the government argues for a time of state conviction rule.

6. If the Supreme Court grants certiorari it will decide the rule one way or the other and its decision will control the outcome of Wilkes's argument about what federal controlled substances schedule to use to compare to the state schedule in effect when he was convicted in state court. If the Court adopts Jackson's approach, then Wilkes could win a resentencing without ACCA status.

7. The government, through Kathryn Dalzell, Assistant United States Attorney, advises that it defers to the Court's discretion in deciding this motion, but also advises that the governments intends to files a written response to this motion.

The above statements are true to the best of my knowledge, information, and

2

belief.

## LEGAL ARGUMENT

Fed. R. App. P. 27 permits procedural motions. Here, the reasonable possibility that the Supreme Court will grant certiorari in *Jackson v. United States* and that its decision could control the outcome Wilkes's appeal supports the request to hold this appeal in abeyance.

Dated:   April 3, 2023                             Respectfully submitted,

/s/Kenneth P. Tableman
Kenneth P. Tableman
Attorney for Defendant-Appellant

## CERTIFICATE OF SERVICE

I certify that on April 3, 2023, I served a copy of the above pleading on:

Mr. Idris Quintell Wilkes Reg. No. 37659-509
FCI Gilmer
Federal Correctional Institution
PO Box 6000
Glenville, WV 26351

by first-class mail.

 I certify that on April 3, 2023, I served a copy of the above pleading on:

Kathrynn M. Dalzell, Esq.
Assistant United States Attorney
*Attorney for Plaintiff-Appellee*
kathrynn.dalzell@usdoj.gov

by filing with this Court's CM/ECF system.

/s/ Kenneth P. Tableman
Kenneth P. Tableman